UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES - GENERAL

| Case No. | CR 10-91 PA | Date | April 6, 2023 |
|---|---|---|---|

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|
| Interpreter | None |

| Kamilla Sali-Suleyman | Not Reported | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | | Present | Cust. | Bond | Attorneys for Defendants: | | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|---|---|
| Mary Perkins. Pro Se | | Not | | | | | | | |

**Proceedings:** **IN CHAMBERS ORDER**

This closed criminal matter is before the Court on Defendant Mary E. Perkins' ("Defendant") Motion to Modify Monthly Restitution Payment Terms ("Motion") ECF 86. The government opposes the motion. ECF 90. Defendant has filed a reply. For the reasons that follow, Defendant's Motion is denied.

On March 8, 2011 this court sentenced defendant to 121 months imprisonment and three years of supervised release following her plea of guilty to mail fraud in violation of 18 U.S.C. § 1341. The Court also ordered Defendant to pay restitution in the amount of $17,128,726.43 to the victims pursuant to Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C. § 3663A.[1/] The Court ordered that:

> Restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least $100 or 10% of the defendant's income, whichever is greater, shall be made during the period of supervised release.

See Judgment and Probation/Commitment Order, ECF 22.

Defendant was released from custody on November 1, 2019. Her three years of supervised release expired on November 1, 2022.

On October 11, 2022, Defendant filed this motion, not to modify the amount of restitution owed, but to reduce the amount of monthly payments from $100 to $25. On November 10, 2022, the government sent notice of Defendant's motion to the 109 victims in the case. The victims oppose Defendant's motion.

On November 16, 2022, the government designated Defendant for the Treasury Offset Program. The Treasury Offset Program is a centralized offset program administered by the Treasury Department to collect

---

[1/]   The MRVA requires certain criminal defendants to pay restitution to compensate and assist victims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

delinquent federal debts, including unsatisfied criminal restitution. See United States v. Hankins, 858 F.3d 1273, 1275 n.1 (9th Cir. 2017) ("The Bureau of Fiscal Service administers the Treasury Offset Program and reroutes payments, such as federal tax refunds, to collect delinquent debts owed to federal agencies and states."). See also 31 U.S.C. § 3720A (providing for offset of tax refunds against amounts the beneficiary owes to the federal government). The Program allows the government to offset up to 15% of a debtor's Social Security benefits in excess of $750 to satisfy an outstanding criminal restitution order. The placement of the defendant in the Program was a routine step taken in cases with unsatisfied restitution orders at the conclusion of supervised release.

Defendant moves that her restitution monthly payments be reduced from $100 to $25 on the grounds that her ability to pay restitution has materially changed since the Judgment was entered. She claims that her sole source of income is derived from Social Security benefits. Although defendant cannot challenge the validity of the original restitution as imposed, she can ask the Court to modify the terms of that order. Contrary to the government's assertion, the Court has jurisdiction of modify a defendant's sentence with respect to restitution in appropriate circumstances, pursuant to 18 U.S.C. § 3664(k). See United States v. Vanhorn, 296 F.3d 713, 721 (8th Cir. 2002). The statute provides:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

Under the statute, a material change in the financial condition of a defendant subject to a restitution order may be brought to the Court's attention by the defendant. See United States v. Grant, 235 F.3d 95, 100 (2d Cir. 2000); see also, United States v. Dye, 48 F.App'x 218, 219-20 (8th Cir. 2002). "After receipt of notification, the court may adjust the restitution payment schedule, or require immediate payment in full, as the interests of justice require." Dye, 48 F.App'x at 220 (citing 18 U.S.C. § 3664(k)).

"A material change in a defendant's economic circumstances is identified by a objective comparsion of a defendant's financial condition before and after a sentence is imposed. A court's later understanding that it had sentenced a defendant without full knowledge of his assets alone does not constitute a material change in economic circumstances." Dye, 48 F.App'x at 220 (citing Grant, 235 F.3d at 100).

Defendant's motion to reduce restitution does not disclose when the material change in her economic circumstances occurred or why her motion was not filed earlier during her term of supervised release. Moreover, because Defendant is no longer under Court supervision and there is no Probation Officer to monitor any future change in Defendant's economic circumstances, her standard of living, or to insure compliance with any court order, the Court declines Defendant's invitation to interfere with the Congressional delegation of responsibility for enforcing restitution orders after supervised release ends to the Department of Justice under 18

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

U.S.C. § 3664(m) and the Treasury Offset Program's efforts to collect unsatisfied delinquent debts owed to victims.  <u>See</u> <u>United</u> <u>States</u> <u>v.</u> <u>Hankins</u>, 858 F.3d 1273, 1275 n.1 (9th Cir. 2017) ("The Bureau of Fiscal Service administers the Treasury Offset Program and reroutes payments, such as federal tax refunds, to collect delinquent debts owed to federal agencies and states.").  <u>See</u> <u>also</u> 31 U.S.C. § 3720A (providing for offset of tax refunds against amounts the beneficiary owes to the federal government).  Moreover, the Program allows the government to offset up to 15% of a debtor's Social Security benefits in excess of $750 to satisfy an outstanding criminal restitution order.

    Accordingly, Defendant's Motion is denied.